UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THERESA COMPTON,
    Plaintiff

vs.

DEPUY ORTHOPAEDICS, INC.,
KELLY SERVICES, INC.,
and FERNANDO OLIVEIRA,
    Defendants

(Removed from the Bristol Superior Court; C.A. No. C 00-1334)

CIVIL ACTION NO.
02-cv-10531 RWZ

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§1331, 1441 and 1446, defendants DePuy Orthopaedics, Inc. ("DePuy") and Kelly Services, Inc. ("Kelly") remove the above-captioned action, originally commenced in the Superior Court for the Commonwealth of Massachusetts, Bristol County, as Civil Action No. C 00-1334 (the "State Court Action"), on the grounds that this Court has original jurisdiction over the case under 28 U.S.C. §1331, in that plaintiff's First Amended Complaint raises a question of federal law. DePuy and Kelly have initiated this Notice of Removal because plaintiff's federal claim is directed to only them, and not to co-defendant Fernando Oliveira ("Oliveira"). Oliveira, however, assents to the removal of this action to federal court.

In further support of this Notice, DePuy and Kelly state the following:

1.     This action arises from allegations by the plaintiff Theresa Compton ("Compton") that she was sexually harassed, sexually discriminated against, and retaliated against by Kelly, by DePuy, and by Oliveira, one of DePuy's employees, in connection with Kelly's assignment of Compton to temporary employment positions with DePuy.

2. On or about October 25, 2000, Compton commenced the State Court Action by filing a Complaint in the Bristol Superior Court. Compton's Complaint claimed sexual harassment by all three defendants in violation of G.L. c.214 §1C (Count I); sexual harassment, sexual discrimination, and retaliation by all three defendants in violation of G.L. c.151B (Count II); assault and battery by Oliveira (Count III); and intentional infliction of emotional distress by Oliveira (Count IV).

3. Kelly and DePuy were then served with the Complaint, accompanying Civil Action Cover Sheet and Summonses directed to each of them on or about December 5, 2000. Oliveira was served with each of these documents directed to him on or about January 23, 2001. True copies of all process, pleadings and orders served on the defendants in the State Court Action are attached hereto as Exhibit A.

4. On or about January 17, 2002, Compton served on the defendants her Motion to Amend the Complaint, by which she sought to add counts against DePuy and Kelly for violation of the Massachusetts Equal Pay Act ("MEPA"), G.L. c.149 §105A, and Federal Equal Pay Act ("FEPA"), 29 U.S.C. §206(d). A copy of Compton's Motion To Amend The Complaint And Request For An Extension Of Time To File This Motion Under This Court's Tracking Order is attached hereto as Exhibit B. Also included as part of Exhibit B is a copy of the First Amended Complaint And Demand For Trial By Jury ("Amended Complaint").

5. On March 1, 2002, the Court granted Compton's Motion to Amend the Complaint. A copy of the Clerk's Notice is attached hereto as Exhibit C.

6. An action filed in a state court "of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Under 28 U.S.C. §1331, the district courts "have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable . . . . ." 28 U.S.C. §1446(b) (emphasis added).

7.  As alleged in Compton's Amended Complaint, the matters in controversy include, *inter alia*, a question arising under federal law.  Specifically, Compton is now alleging that during her employment at DePuy, she was paid an amount less than others for equal work in violation of, *inter alia*, federal law (FEPA).  See Amended Complaint, ¶¶ 27-28, 47-52.  Federal jurisdiction appears, then, on the face of the Amended Complaint.  Further, this Notice is being filed within thirty days of the Court's March 1, 2002 allowance of Compton's Motion to Amend the Complaint, from which it was first ascertained that this case had become removable.

8.  The State Court Action is thus properly removable to this Court pursuant to 28 U.S.C. §§1331, 1441 and 1446.

9.  Moreover, because Compton's claims "derive from a common nucleus of operative facts," *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), this Court has supplemental jurisdiction over those claims arising under Massachusetts law, *see* 28 U.S.C. §1367 ("[I]n any civil action over which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy.") *See also* 28 U.S.C. §1441(c).

10. A copy of this Notice together with an additional notice in the form required by 28 U.S.C. §1446(d) will be filed in the Bristol Superior Court for the Commonwealth of Massachusetts and served on Compton.

11. Pursuant to Local Rule 81.1, defendants shall also, within thirty days of filing this Notice, file certified or attested copies of all records and proceedings in the State Court Action, as well as a certified or attested copy of all docket entries therein.

WHEREFORE, DePuy and Kelly, with the assent of Oliveira, having removed the above described State Court Action to the United States District Court for the District of Massachusetts, request that this Court retain jurisdiction for all further proceedings.

DEPUY ORTHOPAEDICS, INC.

*David C. Henderson*

David C. Henderson (BBO#562388)
Salvador M. Llach (BBO#645761)
Nutter McClennen & Fish, LLP
One International Place
Boston, MA 02110
(617) 439-2000

KELLY SERVICES, INC.

*Maura D. McLaughlin (DCH)*

Jaclyn L. Kugell (BBO#561622)
Maura D. McLaughlin (BBO#634923)
Morgan, Brown & Joy, LLP
One Boston Place, Suite 1616
Boston, MA 02108
(617) 523-6666

ASSENTED TO:

FERNANDO OLIVEIRA

*Anne L. Josephson (DCH)*

Anne L. Josephson (BBO#254680)
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by hand/mail upon all counsel of record on 3/22/02.

*David C. Henderson*

David C. Henderson

1089011.1