UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THERESA COMPTON**<br><br>**Plaintiff**<br><br>**v.**<br><br>**DEPUY ORTHOPAEDICS, INC., KELLY SERVICES, INC. AND FURNANDO OLIVEIRA**<br><br>**Defendants** | (Removed from the Bristol County Superior Court, Civil Action No. C 00-1334)<br><br>**Civil Action No. 02-10531-RWZ** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KELLY SERVICES, INC.

Defendant Kelly Services, Inc. ("Kelly") responds to the correspondingly numbered paragraphs of the plaintiff Theresa Compton's ("Compton") First Amended Complaint (hereinafter, "the Complaint") as follows:

## INTRODUCTION

1. Paragraph 1 of the Complaint contains characterizations and conclusions of law, to which no responsive pleading is required. To the extent that any responsive pleading is required to any allegation therein, Kelly denies all such allegations in paragraph 1 of the Complaint.

DOCKETED

## PARTIES

2. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies such allegations.

3. Kelly is without knowledge or information sufficient to form a belief as to the



truth of the allegations in paragraph 3 of the Complaint and therefore denies such allegations.

4. Kelly admits the allegations in paragraph 4 of the Complaint.

5. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies such allegations.

## STATEMENT OF FACTS

6. Kelly denies the allegations in paragraph 6 of the Complaint. Further answering, Compton was hired by Kelly as a temporary employee on December 19, 1996; she was assigned four (4) different temporary assignments from December 22, 1997 through February 23, 1999.

7. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies such allegations.

8. Kelly admits the allegations in paragraph 8 of the Complaint to the extent that it supplied temporary workers to Johnson & Johnson/Depuy ("Depuy") pursuant to an agreement between Kelly and Deputy. The remainder of the allegations in paragraph 8 of the Complaint call for a legal conclusion to which no responsive pleading is required; however, to the extent any response is required, the remainder of the allegations in paragraph 8 of the Complaint are denied.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint as they pertains to Kelly. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies such allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies such

allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies such allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies such allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies such allegations.

15. Kelly denies the allegations in paragraph 15 of the Complaint as they pertain to Kelly. Further answering, Kelly admits that it learned of alleged workplace issues between Compton and Mr. Oliveira, that Kelly promptly commenced an investigation, and that Kelly responded appropriately to these issues. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15 of the Complaint and therefore such allegations are denied.

16. Kelly denies the allegations in paragraph 16 as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and therefore denies such allegations.

17. Kelly is without knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint and therefore such allegations are denied.

18. Kelly denies the allegations in paragraph 18 as they pertain to Kelly. Kelly is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and therefore denies such allegations.

19. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies such allegations.

20. Kelly denies the allegations in paragraph 20 as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies such allegations.

21. Kelly denies the allegations in paragraph 21 as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and therefore denies such allegations.

22. Kelly denies that it ever "laid off" Compton. Kelly admits that on or about January 5, 1999 Compton requested a temporary assignment to Depuy's Foundry Department where she had previously been assigned.

23. Kelly denies the allegations in paragraph 23 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore denies such allegations.

24. Kelly denies the allegations in paragraph 24 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and therefore denies such allegations.

25. Kelly denies the allegations in paragraph 25 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and therefore denies such allegations.

26. Kelly denies the allegations in paragraph 26 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and therefore denies such allegations.

27. Kelly denies the allegations in paragraph 27 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and therefore denies such allegations.

28. Kelly denies the allegations in paragraph 28 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and therefore denies such allegations.

29. Kelly denies the allegations in paragraph 29 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and therefore denies such allegations.

30. Kelly denies the allegations in paragraph 30 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore denies such allegations.

31. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies such allegations.

32. Paragraph 32 of the Complaint calls for a legal conclusion to which no responsive pleading is required. To the extent any response is arguably required, Kelly denies such allegations.

33. Kelly denies the allegations in paragraph 33 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 33 of the Complaint and therefore denies such allegations.

34. Paragraph 34 of the Complaint calls for a legal conclusion to which no responsive pleading is required. To the extent any response is arguably required, Kelly denies such allegations.

35. Paragraph 35 of the Complaint calls for a legal conclusion to which no responsive pleading is required. To the extent any response is arguably required, Kelly denies such allegations.

36. Paragraph 36 of the Complaint calls for a legal conclusion to which no responsive pleading is required. To the extent any response is arguably required, Kelly denies such allegations.

37. Kelly denies the allegations in paragraph 37 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint and therefore denies such allegations.

COUNT I

38. Kelly repeats and realleges its responses to paragraphs 1 through 37 of the Complaint, and incorporates the same by reference herein.

39. Kelly denies the allegations in paragraph 39 of the Complaint as they pertain to Kelly. Further answering, Kelly states that Ms. Compton's claims under Massachusetts General Laws Chapter 214, section 1C have been resolved in the defendants' favor upon the parties' respective dispositive motions. To the extent that paragraph 39 purports to set forth further allegations, Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint and therefore denies same.

COUNT II

40. Kelly repeats and realleges its responses to paragraphs 1 through 39 of the Complaint, and incorporates the same by reference herein.

41. Kelly denies the allegations in paragraph 41 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint and therefore denies such allegations.

COUNT III

42. Kelly repeats and realleges its responses to paragraphs 1 through 41 of the Complaint, and incorporates the same by reference herein.

43. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies such allegations.

COUNT IV

44. Kelly repeats and realleges its responses to paragraphs 1 through 43 of the Complaint, and incorporates the same by reference herein.

45. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies such allegations.

46. Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies such allegations.

COUNT VI [sic]

47. Kelly repeats and realleges its responses to paragraphs 1 through 46 of the Complaint, and incorporates the same by reference herein.

48. Paragraph 48 of the Complaint states a conclusion of law to which no response is

required. To the extent that paragraph 48 of the Complaint purports to set forth any factual allegations, Kelly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies such allegations.

49. Kelly denies the allegations in paragraph 49 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and therefore denies such allegations.

50. Kelly denies the allegations in paragraph 50 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Complaint and therefore denies such allegations.

COUNT VI

51. Kelly repeats and realleges its responses to paragraphs 1 through 50 of the Complaint, and incorporates the same by reference herein.

52. Kelly denies the allegations in paragraph 51 of the Complaint as they pertain to Kelly. Kelly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint and therefore denies such allegations.

**General:** Kelly denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Compton's claims are barred, in whole or in part, by applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Compton's claims are barred by estoppel, laches, her own misconduct, and/or the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Defendants took expedient and adequate steps to investigate and resolve Compton's issues.

## FIFTH AFFIRMATIVE DEFENSE

Kelly behaved reasonably and without negligence in response to all issues involving alleged employee misconduct.

## SIXTH AFFIRMATIVE DEFENSE

Any harm to the Compton has been caused by her own conduct or by the conduct of other parties for which Kelly is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Kelly took reasonable care to avoid sexually harassing behavior, and other forms of improper behavior, by persons for whom Kelly is responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Compton failed to take advantage of preventative or corrective opportunities provided by Depuy or Kelly to avoid harm.

## NINTH AFFIRMATIVE DEFENSE

Kelly acted without malice, bad faith, or other improper means or motivation.

## TENTH AFFIRMATIVE DEFENSE

Kelly at all time had bona fide and non-discriminatory business reasons for any

actions taken with respect to the Compton. No action or treatment was retaliatory and/or a pretext for discrimination.

### ELEVENTH AFFIRMATIVE DEFENSE

Kelly did not breach any legal duty owed to Compton and took prompt remedial action.

### TWELFTH AFFIRMATIVE DEFENSE

Kelly is not liable for misconduct it was not aware of and for which there was no reasonable basis for knowledge.

### THIRTEENTH AFFIRMATIVE DEFENSE

Compton failed to exhaust her administrative remedies

### FOURTEENTH AFFIRMATIVE DEFENSE

Compton's M.G.L. 214 claims is barred, in whole or in part, by the exclusive remedy of M.G.L. c. 151B.

### FIFTEENTH AFFIRMATIVE DEFENSE

Compton participated in, encouraged and/or "welcomed" any conduct or comments of a sexual nature.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any alleged misconduct was not significantly severe or pervasive to alter Compton's work environment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Compton has not adequately mitigated any damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

No misconduct is imputable to Kelly.

## NINETEENTH AFFIRMATIVE DEFENSE

Part or all of Plaintiff's Complaint is barred on the grounds of judicial estoppel.

**WHEREFORE**, Kelly prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That Kelly be awarded its costs and reasonable attorneys' fees; and

3. That Kelly be awarded such other relief as the Court may deem just and appropriate.

Respectfully submitted,

KELLY SERVICES, INC.

By their Attorneys,

Jaclyn L. Kugell
BBO #561622
Maura D. McLaughlin
BBO #634932
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

Date: March 29, 2002

## CERTIFICATE OF SERVICE

I, Maura D. McLaughlin, hereby certify that this 29th day of March, 2002, a true and accurate copy of the within pleading was served by first class mail, postage prepaid upon all counsel of record.

Maura D. McLaughlin