UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
THERESA COMPTON,              )
          Plaintiff           )
v.                            )
                              )      (Removed from the Bristol
DEPUY ORTHOPAEDICS, INC.,     )       Superior Court,
KELLY SERVICES, INC. AND      )       C.A. No. C-00-1334)
FERNANDO OLIVEIRA,            )
          Defendants          )      CIVIL ACTION NO. 02-10531-RWZ
                              )
```

**DEFENDANT FERNANDO OLIVIERA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

### First Defense

The defendant answers the correspondingly numbered Paragraphs of the plaintiff's First Amended Complaint as follows:

1. Paragraph 1 consists of a description of the Complaint, which requires no answer. To the extent that this Paragraph may be construed as containing allegations against Mr. Oliviera, the allegations are denied. To the extent that this Paragraph references claims against Mr. Oliviera under G.L.c. 214, §1C and G.L.c. 151B, these claims were resolved in Mr. Oliviera's favor on his Motion For Partial Summary Judgment, allowed March 1, 2002.



2. The allegations set forth in Paragraph 2 relate to a party other than Mr. Oliviera, and are neither admitted nor denied.

3. The allegations set forth in Paragraph 3 relate to a party other than Mr. Oliviera, and are neither admitted nor denied.

4. The allegations set forth in Paragraph 4 relate to a party other than Mr. Oliviera, and are neither admitted nor denied.

5. Admitted.

6. Mr. Oliviera is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Mr. Oliviera admits so much of Paragraph 7 as alleges that, at some point, the company for whom he was employed changed its name from Johnson & Johnson Professional, Inc., to Depuy Orthopaedics, Inc. Mr. Oliviera is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 7.

8. Mr. Oliviera admits so much of Paragraph 8 as alleges that some of the individuals working in the Raynham plant were placed through Kelly Services, Inc. Mr. Oliviera is without sufficient information to form a belief as to the truth of the remainder of Paragraph 8.

9. Mr. Oliviera is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. On information and belief, Mr. Oliviera admits so much of Paragraph 10 as alleges that Johnson & Johnson/DePuy employed over 6 people. Mr. Oliviera is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Mr. Oliviera admits so much of Paragraph 11 as alleges that he was an employee of Johnson & Johnson/Depuy. Mr. Oliviera denies the remainder of Paragraph 11.

12. Denied.

13. Denied.

14. To the extent that the allegations contained in Paragraph 14 relate to Mr. Oliviera and his workplace, they are denied.

15. Mr. Oliviera is generally aware that a complaint was made to Johnson & Johnson/Depuy about his behavior toward Ms. Compton. Mr. Oliviera denies that any of his behavior amounted to sexual harassment or discrimination. Mr. Oliviera is without sufficient information to form a belief as to the truth of the remainder of Paragraph 15.

16. Mr. Oliviera denies that Johnson & Johnson/Depuy failed to respond to the complaint about his behavior toward Ms.

Compton, and denies that the workplace was "hostile" or "discriminatory." Mr. Oliviera is without sufficient information to form a belief as to the truth of the allegations concerning Kelly Services.

17.  Mr. Oliviera admits so much of Paragraph 17 as alleges that he remained a Johnson & Johnson/Depuy employee in the Raynham plant. Mr. Oliviera denies the remainder of Paragraph 17.

18.  The allegations contained in Paragraph 18 consist of legal argument, which requires no answer.  To the extent that Paragraph 18 alleges facts about the workplace at Johnson & Johnson/Depuy, the allegations are denied.  Mr. Oliviera has insufficient information to form a belief as to the truth of allegations relating to Kelly Services.

19.  Denied.

20.  To the extent that the allegations contained in Paragraph 20 concern Mr. Oliviera, they are denied.  Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations concerning other parties.

21.  Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 21.  To the extent that Paragraph 21 purports to allege facts concerning Mr. Oliviera's conduct, the allegations are denied.

22. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 23, which allegations concern other parties.

24. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 24, which allegations concern other parties.

25. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 25, which allegations concern other parties.

26. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 26, which allegations concern other parties. To the extent that the allegations contained in Paragraph 26 purport to concern Mr. Oliviera, they are denied.

27. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 27, which allegations concern other parties. To the extent that the allegations contained in Paragraph 27 purport to concern Mr. Oliviera, they are denied.

28. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph

28, which allegations concern other parties. To the extent that the allegations contained in Paragraph 28 purport to concern Mr. Oliviera, they are denied.

29.  Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 29, which allegations concern other parties. To the extent that the allegations contained in Paragraph 29 purport to concern Mr. Oliviera, they are denied.

30.  To the extent that the allegations contained in Paragraph 30 purport to concern Mr. Oliviera, the allegations are denied.

31.  Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 31, which allegations concern other parties.

32.  Paragraph 32 consists of legal argument and conclusions of law which require no answer.

33.  To the extent that the allegations contained in Paragraph 33 purport to concern Mr. Oliviera, the allegations are denied.

34.  Paragraph 34 consists of legal argument and conclusions of law which require no answer. To the extent that Paragraph 34 purports to allege facts concerning Mr. Oliviera, the allegations are denied.

35. Paragraph 35 consists of legal argument and conclusions of law which require no answer. To the extent that Paragraph 35 purports to allege facts concerning Mr. Oliviera, the allegations are denied.

36. Paragraph 36 consists of legal argument and conclusions of law which require no answer. To the extent Paragraph 36 purports to allege facts concerning Mr. Oliviera, the allegations are denied.

37. To the extent that Paragraph 35 purports to allege facts pertaining to Mr. Oliviera, the allegations are denied.

### COUNT I

38. Mr. Oliviera repeats his responses to Paragraphs 1 through 37 of the plaintiff's First Amended Complaint and, by this reference, incorporates them herein.

39. Paragraph 39 consists of legal argument and conclusions of law which require no answer. Further answering, Mr. Oliviera states that Ms. Compton's claims under G.L.c. 214, §1C have been resolved in favor of all defendants on the basis of their respective despositive motions. To the extent that Paragraph 39 purports to allege facts concerning Mr. Oliviera, the allegations are denied.

## COUNT II

40. Mr. Oliviera repeats his responses to Paragraphs 1 through 39 of the plaintiff's First Amended Complaint and, by this reference, incorporates them herein.

41. Paragraph 41 consists of legal argument and conclusions of law which require no answer. Further answering, Mr. Oliviera states that this Count was resolved in his favor on the basis of his Motion For Partial Summary Judgment, allowed March 1, 2002. To the extent that Paragraph 39 purports to allege facts concerning Mr. Oliviera, the allegations are denied.

## COUNT III

42. Mr. Oliviera repeats his responses to Paragraphs 1 through 41 of the plaintiff's First Amended Complaint and, by this reference, incorporates them herein.

43. Denied.

## COUNT IV

44. Mr. Oliviera repeats his responses to Paragraphs 1 through 43 of the plaintiff's First Amended Complaint and, by this reference, incorporates them herein.

45. Denied.

46. Denied.

## COUNT VI[SIC]

47. Mr. Oliviera repeats his responses to Paragraphs 1 through 46 of the plaintiff's First Amended Complaint and, by this reference, incorporates them herein.

48. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 48, which allegations concern other parties.

49. Mr. Oliviera has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 49, which allegations concern other parties.

50. Paragraph 50 consists of legal argument and conclusions of law which require no answer. To the extent that Paragraph 50 purports to allege facts, Mr. Oliviera has insufficient information to form a belief as to their truth, as the allegations are directed against other parties.

## COUNT VI

51. Mr. Oliviera repeats his responses to Paragraphs 1 through 50 of the plaintiff's First Amended Complaint and, by this reference, incorporates them herein.

52. Paragraph 52 consists of legal argument and conclusions of law which require no answer. To the extent that Paragraph 52 purports to allege facts, Mr. Oliviera has insufficient information to form a belief as to their truth, as the allegations are directed against other parties.

The remainder of the plaintiff's First Amended Complaint consists of requests for relief, which require no answer.

### Second Defense

The plaintiff fails to state a claim upon which relief may be granted.

### Third Defense

The plaintiff's claims are barred by the applicable statutes of limitations.

### Fourth Defense

The conduct of which the plaintiff complained was not sexual in nature, and does not constitute "sexual harassment" under any legally recognized definition of the term.

### Fifth Defense

Mr. Oliviera had no supervisory authority over the plaintiff, and no authority to decide or control the terms or conditions of her employment.

### Sixth Defense

The conduct of which the plaintiff complained was not threatening in nature; was not intended to cause injury or harm; and did not cause injury or harm.

### Seventh Defense

The conduct of which the plaintiff complained did not, and could not reasonably have placed the plaintiff in imminent fear of her physical safety.

### Eighth Defense

The plaintiff's own conduct provided implied consent to the conduct in question.

### Ninth Defense

The conduct of which the plaintiff complained is not actionable as an "intentional infliction of emotional distress." Mr. Oliviera intended no harm to the plaintiff; his conduct was in no way "extreme," "outrageous," "beyond all possible bounds of decency," or "utterly intolerable in a civilized community"; and the plaintiff's distress, if suffered, was not of a nature that was so severe "that no reasonable person could be expected to endure it." *Agis v. Howard Johnson Co.*, 371 Mass. 140 (1976).

### Tenth Defense

To the extent that the alleged injury arose within the confines of the employment relationship, the plaintiff's tort claims are barred by the exclusivity provisions of the Workers' Compensation Act.

### Eleventh Defense

To the extent that the plaintiff's common law claims simply restate her claims of sexual harassment and discrimination (which themselves are barred by plaintiff's failure to exhaust administrative remedies), the common law claims are also precluded by her failure to exhaust administrative remedies under G.L.c. 151B.

**Twelfth Defense**

The plaintiff is estopped and barred from prosecuting this action by virtue of her having filed a petition for bankruptcy protection during the pendency of this action; having failed to disclose that fact to any of the parties or their counsel; having affirmatively misrepresented to the Bankruptcy Court that she was not a party to any proceeding as of the date of her Bankruptcy petition; and having received the benefit of a discharge in bankruptcy.

WHEREFORE, Mr. Oliviera requests that this Court:

1. Dismiss the plaintiff's Complaint with prejudice;
2. Enter judgement in his favor;
3. Award him costs and attorneys' fees as provided by law;
4. Grant such other relief as the Court deems just.

Respectfully submitted,

FERNANDO OLIVEIRA

By his attorney,

Dated: March 29, 2002

Anne L. Josephson
BBO# 254680
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114

I CERTIFY ... 29th DAY OF March, 2002
... hand delivery to counsel.

Anne L. Josephson